**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MAGNOLIA CAPITAL ADVISORS, INC.,
a Florida dissolved corporation, by and
through Don Reinhard, its President
and Director,

        Plaintiff,

vs.                                CASE NO.: 4:06-cv-350-SPM/AK

BEAR STEARNS & CO., INC.,
a foreign corporation; and
BEAR STEARNS SECURITIES
CORP., a foreign corporation,

        Defendants.

_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

      THIS CAUSE comes before the Court upon the mandate issued by the

Eleventh Circuit Court of Appeals (doc. 85); "Plaintiff's Motion for Summary

Judgment" (doc. 120); Defendants' response (doc. 129); and all related

materials.  The Eleventh Circuit reversed this Court's prior opinion and remanded

this case for trial.  However, in spite of the conclusion rendered by the Eleventh

Circuit, Plaintiff, after initially arguing for a jury trial, has now filed for summary

judgment.  In doing so, Plaintiff argues that there is no genuine issue of material

fact and that the resolution of this matter is a question of legal interpretation, not

a factual dispute.  Similarly, in Defendants' reply, they request that this Court find

summary judgment in their favor.  It appears that both parties agree that there are no factual disputes on the issue of arbitration and that this matter can be resolved without the need for a trial.  Accordingly, this Court will evaluate these arguments as cross motions for summary judgment.  Specifically, the issue to be determined is whether this matter should be resolved through litigation or through binding arbitration.

**Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  An issue is "material" if it might affect the outcome of the case under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  Id.  The basic inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251.

**Analysis**

The issue for this Court to determine is whether Don Reinhard's signature on the customer line of the "Options Information Form and Agreement" functioned to legally bind his company, Magnolia Capital Advisors, Inc. to arbitrate this lawsuit.  Magnolia argues that it was always an investment

advisement firm and never a trading customer of Paragon Financial Group, Inc. or a member of this account. Therefore, it claims that it was not a customer within the operative purpose of the options agreement. Magnolia argues that Reinhard was signing the options agreement on behalf of the AmSouth customers not on behalf of Magnolia. In the alternative, Magnolia argues, even if Reinhard had been a signatory for Magnolia, then it would have only been in a representative capacity as an agent. This Court must now determine the legal function of Reinhard's signature on the options agreement.

At the time of signing, Reinhard was working as a registered representative of Paragon. Reinhard's job for Paragon was to conduct security trades for his clients, using Paragon as an introducing broker-dealer and Bear Stearns Securities Corp., as a clearing firm for these trades. Reinhard was also the manager of an account that was held with AmSouth Bank, as testified by former AmSouth trust officer, Stephen Timberlake. AmSouth was used as the custodian of the funds being held on behalf of Reinhard's clients. It was from this AmSouth account that Reinhard obtained the funds for the security trades he conducted on behalf of his clients. Additionally, Reinhard was also the sole owner, director, and president of Magnolia Capital Advisors. The question is: "For which entity was Reinhard signing—Paragon, Magnolia, or AmSouth?"

"A contract is a document that serves only to establish a legal relationship between two parties; it gives each party nothing more than a legal expectancy in having the other party either perform or (generally) respond in damages." United

States v. Blankenship, 382 F.3d 1110, 1133 (11th Cir. 2004) (citation omitted). "The enforceability of a contract depends on its objective representations rather than parties' subjective intentions." Id. In other words, the legal enforceability of the contract depends "not on the parties having meant the same thing but on their having said the same thing." Horowitch v. Diamond Aircraft Indus., 526 F. Supp. 2d 1236, 1245 (M.D. 2007). "A contract is nothing more, and nothing less, than what it actually states." Blankenship, 382 F.3d at 1134.

This options agreement states that Magnolia Capital Advisors, Inc. was a party to the options agreement. Evidence of this is the fact that Don Reinhard, the sole owner, president and director of Magnolia, signed the options agreement, above the words "Signature of Customer." Magnolia's name is handwritten on the form. No mention is made of Paragon, and no representative of AmSouth signed the agreement. AmSouth's name is on the document, but it is right beside Magnolia's name. There is no reference to customers of AmSouth. Furthermore, Magnolia's–not AmSouth's–address is used.

Reinhard often functioned on behalf of Magnolia. Reinhard's job was to place and direct security transactions for Magnolia's clients. These transactions were initiated by Reinhard through Paragon and then conducted by Bear Sterns. Because Reinhard was charged with initiating claims on behalf of Magnolia, and Reinhard was the sole owner and president of Magnolia, Reinhard had authority to conduct business on behalf of Magnolia, by use of the AmSouth account in question. An objective analysis of his function leads a reasonable person to

4

conclude that Reinhard's authority includes signing the options agreement on the behalf of Magnolia.

Paragon's representative testified that Reinhard could not have signed the options agreement on behalf of Paragon.  The president of Paragon, R. William Lee III, signed his name in every other blank as "BOM/ROP", "Registered Options Principal", and "R.B."  The only blank not signed by the Paragon president is the "Customer" blank, which contains Reinhard's signature.  Further, under Reinhard's agreement with Paragon, Reinhard was considered an independent contractor and not an agent of Paragon; the agreement explicitly states that Reinhard had no authority whatsoever to bind Paragon, to enter into a contract, or act in any manner, on its behalf.

AmSouth's representative testified that AmSouth did not authorize Reinhard to trade on its behalf or to bind it to the agreements.  Nor was Reinhard an officer or employee of AmSouth.  In light of this unequivocal testimony that Reinhard had no authorization to bind AmSouth to any contract, it appears that neither AmSouth nor its customers intended to be bound by the options agreement.

Furthermore, Magnolia cannot claim that Reinhard was acting only as its representative and therefore cannot bind Magnolia to the options agreement. "In order for an agent to avoid personal liability on a contract negotiated [on] his principal's behalf, he must disclose not only that he is an agent but also the identity of his principal, regardless of whether the third person might have known

5

that the agent was acting in a representative capacity." <u>Robinson & St. John</u> <u>Adver. & Pub. Relations, Inc. v. Lane</u>, 557 So. 2d 908, 909-10 (Fla. 1st DCA 1990).  AmSouth Bank and Magnolia Capital Advisors were both written in the "name" section of the options agreement.  Therefore, that section does not clearly disclose which of those entities is a principal.  Nor does the agreement indicate that Magnolia is working on behalf of someone other than Magnolia, the entity for which he is the sole owner and president.  Therefore, any entity other than Magnolia that Reinhard was representing was not made clear in the options agreement, i.e. the principal was undisclosed.  Upon an independent review of the options agreement, Defendant had no way to conclude that Reinhard was working on behalf of someone other than his company.  Reinhard was signing as an agent of Magnolia, binding Magnolia to the agreement, not merely as a representative.

**Conclusion**

After reviewing the depositions and all material submitted with the motions for summary judgment, this Court finds that Plaintiff is a party to the options agreement and is therefore bound by the arbitration clause found therein.  In accord with the strong federal policy favoring arbitration, which requires courts to liberally construe arbitration clauses, this Court finds that this dispute is governed by the arbitration clause in the agreement.  <u>Seaboard Coast Line R. Co. v. Trailer</u> <u>Train Co.</u>, 690 F.2d 1343 (11th Cir. 1982).  Accordingly, dismissal of this action is appropriate.  <u>See</u> <u>Alford v. Dean Witter Reynolds, Inc.</u>, 975 F.2d 1161, 1164 (5th

Cir. 1992) (when all claims are subject to arbitration, dismissal of the action, rather than a stay pending arbitration, is appropriate).  It is hereby ORDERED AND ADJUDGED as follows:

1.      Defendant's motion for summary judgment (doc. 129) is ***granted***.

2.      This case shall be referred to binding arbitration.

3.      This case is dismissed with prejudice.

DONE AND ORDERED this <u>nineteenth</u> day of May, 2009.


_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge